**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC MARCELLUS,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-0752-25-0159-I-1

DATE: August 13, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Virginia Beach, Virginia, for the appellant.

<u>Javier E. Lopez</u>, Anchorage, Alaska, for the agency.

<u>Daniel S. Siekawitch</u>, Joint Base Elmendorf-Richardson, Alaska,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the agency's alleged constructive removal of the appellant and denied the appellant's whistleblower retaliation affirmative defense in this involuntary resignation appeal. For the reasons discussed below, we GRANT the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a dual-status GS-14 Construction and Facilities Management Officer and Lieutenant Colonel at the Alaska Army National Guard with a duty station of Joint Base Elmendorf-Richardson in Alaska. Initial Appeal File (IAF), Tab 1 at 15. On June 2, 2024, the agency issued the appellant notice of a proposed 5-day suspension on a charge of "Discourtesy (rude, unmannerly, or impolite acts or similar conduct, non-discriminatory)" based on three specifications and a charge of "Conduct unbecoming a National Guard Employee; immoral, indecent, or disgraceful conduct" based on one specification. IAF, Tab 11 at 258-60. Along with the proposed suspension, the agency provided the appellant with a "Last Rites Agreement" (LRA) stating that the agency would accept the appellant's 180-day resignation—with 90 days of administrative leave and 90 days of compensatory and sick leave—in lieu of the suspension. *Id.* at 230. It indicated that, if the appellant withdrew his resignation, the suspension would be reinstated. *Id.* The appellant signed the LRA on June 3, 2024. *Id.* at 231.

On July 15, 2024, the agency authorized the release of the appellant for a Title 10 individual active-duty tour from August 8, 2024, until April 18, 2025, or his mandatory release date, whichever came first. *Id.* at 13. On July 18, 2024, the agency informed the appellant that, since he was going on active-duty deployment, under the relevant law he was not able to take either administrative leave or sick leave as had been contemplated in the LRA. IAF, Tab 5 at 25. The agency further stated that the LRA was otherwise valid and in force. *Id.* The appellant disagreed, took issue with not being able to receive the leave under the LRA, and believed that it was incorrect for the agency to continue to process his resignation. On July 19, 2024, the appellant requested to withdraw his

resignation. IAF, Tab 1 at 7-9. On July 23, 2024, the agency declined the appellant's request to withdraw his resignation based on "administrative disruption" and the commencement of hiring a replacement. IAF, Tab 11 at 231.

On August 22, 2024, the appellant filed an appeal with the Board alleging, among other things, an involuntary resignation. The Board docketed that appeal as *Marcellus v. Department of the Army*, MSPB Docket No. SF-3443-24-0694-I-1, Appeal File (0694 AF). The administrative judge dismissed the appeal, finding that it was premature because the appellant's resignation was not yet effective. 0694 AF, Tab 11.

Effective December 1, 2024, the agency processed the appellant's resignation. IAF, Tab 1 at 14. Thereafter, the appellant filed the instant involuntary resignation. *Id.* The administrative judge subsequently issued a Jurisdiction Order advising the appellant of his burden of proving the Board's jurisdiction over an involuntary resignation appeal. IAF, Tab 3.

On January 10, 2025, the administrative judge determined that the appellant had made a nonfrivolous allegation of jurisdiction and was entitled to a hearing. IAF, Tab 8. The administrative judge also noted that the appellant had a pending individual right of action appeal, *Marcellus v. Department of the Army*, MSPB Docket No. SF-1221-25-0078-W-1, and that he would hold a joint hearing in the two appeals.[2] *Id.* at 10. After holding a hearing, the administrative judge issued an initial decision finding that the appellant established a constructive removal and reversing the agency's action. IAF, Tab 18, Initial Decision (ID). Specifically, the administrative judge concluded that the agency did not have a valid reason to deny the appellant's request to withdraw his resignation and, accordingly, constructively removed the appellant. ID at 37. The administrative judge determined that the appellant did not receive the applicable procedural protections and did not have notice and an opportunity to be heard as to the

---

[2] The administrative judge noted that, while he intended to hold a joint hearing, the appellant's two appeals would not be formally joined. *Id.*

removal. Thus, he reversed the agency's constructive removal of the appellant. ID at 39.

The agency filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The appellant has filed a response to the agency's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the agency alleges that the Board is without jurisdiction to hear the appellant's appeal because of the appellant's dual-status position and the nature of his separation. PFR File, Tab 1. The agency's argument raises the issue of whether the Board has jurisdiction over this appeal under 5 U.S.C. chapter 75. *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (explaining that the issue of the Board's jurisdiction is always before the Board and can be raised by the parties or sua sponte at any time).

Removals from service are among the adverse actions covered under 5 U.S.C. chapter 75, subchapter II. 5 U.S.C. § 7512(1). Further, as acknowledged by the administrative judge, employee-initiated actions that appear voluntary on their face are not always so, and the Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). Under 5 U.S.C. § 7513(d), an employee against whom an adverse action is taken under subchapter II is entitled to appeal to the Board. Dual status technicians are generally considered "employees" for purposes of chapter 75, except as limited by 32 U.S.C. § 709(f). *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1382 (Fed. Cir. 2020); *Erdel v. Department of the Army*, 2023 MSPB 27, ¶ 5 (stating that "the analysis of whether an individual meets the statutory definition of an 'employee' is more complicated when the individual is a National Guard technician."). Specifically, 32 U.S.C. § 709(f) precludes Board jurisdiction when the adverse action at issue (1) "concerns activity occurring while the member is

in a military pay status" or (2) "concerns fitness for duty in the reserve components." 32 U.S.C. § 709(f)(4). "'[F]itness for duty in the reserve components refers only to military-unique service requirements that attend to military service generally, including service in the reserve components or service on active duty." 32 U.S.C. § 709(j).

Here, after finding that the appellant established a constructive removal, the administrative judge found that the appellant was an "employee" under Title 5 with due process rights. ID at 38-39. On review, the agency argues that the appellant was appointed to his position pursuant to 32 U.S.C. § 709 and that his separation concerned his fitness-for-duty in the reserve components. PFR File, Tab 1 at 4-8. The agency argues that, pursuant to applicable regulations, it was required to transfer the appellant from his National Guard position. The agency, therefore, raises the question of whether the appeal is precluded from the Board's chapter 75 jurisdiction based on 32 U.S.C. § 709(f)(4). *Cf. White v. Department of the Army*, 2023 MSPB 17, ¶ 12 (finding that the Board lacked chapter 75 jurisdiction over the appellant's involuntary demotion appeal because the appellant was a dual status technician appointed under section 709 and the demotion occurred prior to the enactment of the National Defense Authorization Act for Fiscal Year 2017 (2017 NDAA)).[3] The parties were not provided with notice of this jurisdictional issue below. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the

---

[3] Prior to the 2017 NDAA, the statutory scheme covering dual status technicians did not allow for Board appeals challenging adverse actions such as reductions in grade or pay, or removals. *White v. Department of the Army*, 2023 MSPB 17, ¶ 6. Section 512(a) of the 2017 NDAA amended 32 U.S.C. § 709 to provide that, when a dual status technician is in a non-military pay status, he is entitled to appeal adverse actions to the Board in certain limited circumstances. *Id.*; *see* 32 U.S.C. § 709(f)(4)-(5), (g)(1).

administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Because the resolution of this issue may require further fact finding, the administrative judge is in the best position to address it. *See Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 11 (2013) (finding that the administrative judge was in the best position to resolve a factual question in the first instance).

On remand, the parties should identify the authority under which the appellant was appointed and the nature of his employment. The parties should also be provided with an opportunity to submit evidence and argument on the questions of whether the alleged constructive removal (1) concerned activity occurring while the appellant was in a military pay status or, as the agency contends on review, (2) concerned fitness for duty in the reserve components. *See* 32 U.S.C. § 709(f)(4). After addressing this jurisdictional issue, the administrative judge may incorporate any prior findings, as appropriate.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____

*Gina K. Grippando*

                 Gina K. Grippando
                 Clerk of the Board

Washington, D.C.